IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES ALLEN**                                                                                 **PLAINTIFF**

**V.**                             **CIVIL ACTION NO.:  3:24-CV-119-HTW-ASH**

**SOUTHERN ELECTRIC CORPORATION OF MISSISSIPPI,**
**JOSEPH CHAD MCDILL and**
**ENTERGY MISSISSIPPI, LLC**                                          **DEFENDANTS**

**ANSWER OF DEFENDANT SOUTHERN ELECTRIC
CORPORATION OF MISSISSIPPI TO THE COMPLAINT**

**NOW COMES** Defendant, Southern Electric Corporation of Mississippi ("Southern"), and submits the following Answer to the Complaint of Plaintiff, Charles Allen.

**Answer to the Complaint**

Without waiving its defenses and specifically reserving all benefits and advantages that may be had to the many errors, uncertainties, imperfections and insufficiencies of the Complaint, Defendant specifically answers the Complaint as follows:

With respect to the first unnumbered paragraph of the Complaint beginning with "The Plaintiff, Charles Allen, through his attorney…," Defendant acknowledges that Plaintiff files this lawsuit alleging a claim under the Age Discrimination in Employment Act ("ADEA"), as well as claims for assault, battery, intentional infliction of emotional distress, tortious interference with employment, and a claim under the theory of respondeat superior, but Defendant denies each and every conclusion, allegation and implication including, but not limited to, that any violation of the ADEA occurred, that it is liable for any violation of the ADEA and/or for any of Plaintiff's other claims, that Plaintiff can establish any facts in support of any of his claims, and that Plaintiff suffered any harm and/or damages for which remedies and/or relief may be due.

1

## PARTIES

1. Defendant admits that Plaintiff is an adult, but it is without sufficient knowledge to admit or to deny whether Plaintiff is a resident of Rankin County and therefore denies the same.

2. Admitted.

3. Defendant is without sufficient information to admit or to deny the allegations regarding Mr. McDill and therefore denies all conclusions, allegations, and implications.

4. Defendant admits that the Mississippi Secretary of State's website identifies Entergy Mississippi, LLC as a Louisiana limited liability company and that it identifies the individual named in the Complaint as the registered agent for service of process, but Defendant is without sufficient information to admit or to deny the remaining allegations and therefore denies all remaining conclusions, allegations, and implications.

## JURISDICTION AND VENUE

5. As this matter has been removed to federal court, Defendant denies the conclusions, allegations, and implications of paragraph 5, but Defendant admits that this Court to which the lawsuit was removed has jurisdiction over claims brought under the ADEA and may exercise supplemental jurisdiction over Plaintiff's state law claims.

6. As this matter has been removed to federal court, Defendant denies the conclusions, allegations, and implications of paragraph 6, but Defendant admits that Rankin County falls within the Southern District of Mississippi, Northern Division. Further, Defendant denies that any violation of the ADEA occurred, that it is liable for any violation of the ADEA and/or for any of Plaintiff's other claims, that Plaintiff can establish any facts in support of any of his claims, and that Plaintiff suffered any harm and/or damages for which remedies and/or relief may be due.

## **FACTS**

7. Defendant admits that information provided by Plaintiff during his employment reflects that he is 64 years of age, but it is without sufficient information to admit or to deny the remaining allegations and therefore denies all remaining conclusions, allegations, and implications.

8. Defendant avers that Plaintiff was hired as a driver on February 23, 2018, and that during his employment he worked as a driver and at a customer-controlled warehouse. Defendant denies all remaining conclusions, allegations, and implications.

9. As relevant to this lawsuit, Defendant avers that it performs services for Entergy Mississippi, LLC pursuant to a contract work order, but it denies all conclusions, allegations, and implications.

10. Defendant avers that on August 25, 2023, Plaintiff was working at a customer-controlled warehouse, but it denies all remaining conclusions, allegations, and implications.

11. Admitted.

12. Defendant is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

13. Defendant is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

14. Defendant is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

15. Defendant is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

4893-7783-5433, v. 2

16. Defendant is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

17. Defendant is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

18. Admitted.

19. Defendant is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

20. Defendant admits that Mr. Allen's direct supervisor was Ashtin MacLaine, that David Mason was a warehouse worker, and that Kenny Saul was a driver and warehouse worker, but Defendant is without sufficient information to admit or to deny the remaining allegations and therefore denies all remaining conclusions, allegations, and implications.

21. Admitted.

22. Defendant denies all conclusions, allegations, and implications.

23. Defendant avers that, during the period of the investigation that Mr. Allen was not working due to Entergy's direction, he was on paid leave. Defendant denies all remaining conclusions, allegations, and implications.

24. Defendant admits that Mr. Jackson informed Mr. Allen of his termination but is without sufficient information at this time to admit or to deny the date and therefore denies the same and denies all remaining conclusions, allegations, and implications.

25. Defendant denies all conclusions, allegations, and implications.

26. Defendant denies all conclusions, allegations, and implications.

27. Defendant avers that Kenny Saul is 49 years of age, and it denies all remaining conclusions, allegations, and implications.

28. Defendant denies all conclusions, allegations, and implications.

## CAUSES OF ACTION

### COUNT I:  AGE DISCRIMINATION IN EMPLOYMENT ACT: AGE DISCRIMINATION

62. Defendant notes that the Complaint does not include any paragraphs numbered 29-61; nevertheless, Defendant denies all conclusions, allegations, and implications that may have been contained in the same.  Defendant re-alleges and incorporates all averments set forth in paragraphs 1-28 above as though specifically set forth herein.

63. Defendant denies all conclusions, allegations, and implications.

64. Defendant denies all conclusions, allegations, and implications.

### COUNT II:  ASSAULT

65. Defendant re-alleges and incorporates all averments set forth in paragraphs 1-28 and 62-64 above as though specifically set forth herein.

66. Defendant is not the subject of this claim and is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

67. Defendant is not the subject of this claim and is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

### COUNT III:  BATTERY

68. Defendant re-alleges and incorporates all averments set forth in paragraphs 1-28 and 62-67 above as though specifically set forth herein.

69. Defendant is not the subject of this claim and is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

70. Defendant is not the subject of this claim and is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

4893-7783-5433, v. 2

## COUNT III:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Defendant notes that this is the second count identified as COUNT III by Plaintiff. Defendant re-alleges and incorporates all averments set forth in paragraphs 1-28 and 62-70 above as though specifically set forth herein.

72. Defendant is not the subject of this claim and is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

## COUNT III:  TORTIOUS INTERFERENCE WITH EMPLOYMENT

73. Defendant notes that this is the third count identified as COUNT III by Plaintiff. Defendant re-alleges and incorporates all averments set forth in paragraphs 1-28 and 62-72 above as though specifically set forth herein.

74. Defendant admits that it employed Plaintiff for a period of time, but it is not the subject of this claim and is without sufficient information to admit or to deny the remaining allegations and therefore denies all remaining conclusions, allegations, and implications.

75. Defendant admits that it terminated the employment of Plaintiff, but it is not the subject of this claim, it denies all remaining conclusions, allegations, and implications, and/or is without sufficient information to admit or to deny the remaining allegations and therefore denies all remaining conclusions, allegations, and implications.

76. Defendant admits that it terminated the employment of Plaintiff, but it is not the subject of this claim, it denies all remaining conclusions, allegations, and implications, and/or is without sufficient information to admit or to deny the remaining allegations and therefore denies all remaining conclusions, allegations, and implications.

4893-7783-5433, v. 2

## COUNT IV:  RESPONDEAT SUPERIOR

77. Defendant re-alleges and incorporates all averments set forth in paragraphs 1-28 and 62-76 above as though specifically set forth herein.

78. Defendant is not the subject of this claim and is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

79. Defendant is not the subject of this claim and is without sufficient information to admit or to deny the allegations and therefore denies all conclusions, allegations, and implications.

## REMEDIES/DEMAND FOR JUDGMENT

80. Defendant denies each and every conclusion, allegation and implication of the unnumbered paragraph under the heading "**REMEDIES/DEMAND FOR JUDGMENT**," including all subparts a.-m., denies that any violation of the ADEA occurred, that it is liable for any violation of the ADEA and/or for any of Plaintiff's other claims, that Plaintiff can establish any facts in support of any of his claims, that Plaintiff suffered any harm and/or damages for which remedies and/or relief may be due, and that he is entitled to any judgment, declaration, reinstatement, future wages, front pay, back wages, injunction, equitable relief, compensatory damages, consequential damages, liquidated damages, emotional distress damages, damages for non-pecuniary harms, consequential damages, damages for pecuniary harms, punitive damages, notice to anyone, pre- and post-judgment interest, attorneys' fees, costs, expenses, and/or any other relief requested or otherwise available in law or equity.

81. Defendant denies that Plaintiff is entitled to trial by jury, that there are any issues triable by a jury, that the relief sought is to be determined by a jury, that the relief sought is available under the ADEA, and that Plaintiff is entitled to any relief whatsoever.

82. Defendant denies each and every conclusion, allegation and implication of the Complaint not explicitly and expressly admitted herein.

### Affirmative and Other Defenses

1.

The Complaint fails to state a claim upon which relief can be granted against Defendant.

2.

Insofar as any contention of liability set forth in the Complaint was not expressly raised against Defendant in an administrative charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") within the time required by the applicable statutes, which said statutes are pled as defenses and as statutes of limitations, Plaintiff failed to exhaust his administrative remedies as to such claims, such claims are barred, and such claims should be dismissed with prejudice. Additionally, insofar as Plaintiff did not commence this action within the time prescribed by the applicable statutes, his claims are barred and should be dismissed with prejudice. Defendant further pleads all applicable statutes of limitations for Plaintiff's other claims including, but not limited to, the limitations periods under Mississippi Code Annotated § 15-1-29, 15-1-35, and/or 15-1-49.

3.

Plaintiff cannot state a *prima facie* case of age discrimination, nor can he demonstrate that Defendant's legitimate, non-discriminatory reasons for its actions/inactions are pretextual. At all times, Plaintiff was employed at-will, and his employment was terminated due to legitimate, non-discriminatory reasons. Plaintiff also cannot establish that his age was the "but for" cause of his termination.

4.

Defendant's actions/inactions were not because of Plaintiff's age. Plaintiff's age played no role in Defendant's alleged actions/inactions, none of Defendant's alleged actions/inactions were based upon a specific intent to discriminate, and all of Defendant's actions/inactions were based on legitimate, non-discriminatory, lawful reasons. Alternatively, Defendant avers that even if such considerations were found to have been a factor in Defendant's actions/inactions (which is denied), the same actions/inactions would have been taken/not taken regardless of his age and, therefore, Plaintiff cannot recover any damages or affirmative relief.

5.

No other causes of action stated in the Complaint are asserted against Defendant. Nonetheless, out of an abundance of caution, Defendant asserts that it did not commit, did not condone, did not ratify, nor was it complicit in, the acts Plaintiff asserts in support of such claims. Defendant denies that it engaged in any conduct supporting such claims, that it employed directly or jointly any individual who allegedly engaged in such conduct, and that it can be liable, vicariously or otherwise, under any theory for such claims. Defendant further denies that Plaintiff can establish any of the elements required for claims of assault, battery, intentional infliction of emotional distress, tortious interference with employment, and/or respondeat superior.

6.

Defendant asserts all defenses to punitive and exemplary damages. Mr. Allen is not entitled to any relief against Defendant and no recovery may be had against Defendant for each and all of the reasons contained in this Answer, and because Defendant has not violated the law and punitive/exemplary damages cannot be awarded as the alleged conduct on which they are based is contrary to Defendant's good faith efforts to prevent such conduct. Further, Defendant

9

states that as a matter of law Mr. Allen may not seek punitive and/or exemplary damages against Defendant, such damages are not justified by the actual facts in this case, and any award of punitive damages or other extra-contractual or exemplary damages would be a violation of the constitutional and statutory safeguards provided to Defendant under the laws and Constitution of the United States of America and the State of Mississippi.  Specifically, but not limited to:  a) any imposition of punitive/exemplary damages in this case would violate procedural and substantive due process in that the basis for imposing liability, for awarding such damages, and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest; b) any imposition of such damages in this case would constitute an excessive fine and violate due process; c) any imposition of such damages in this case based on wealth would violate equal protection; d) any imposition of such damages in this case would violate procedural safeguards in that such damages are penal in nature; e) any imposition of such damages in this case would constitute an ex post facto law; f) the existing procedures permit multiple awards of punitive/exemplary damages for the same alleged act; g) the existing procedures include no requirement of any relationship between Mr. Allen's actual injury and the amount of punitive/exemplary damages; and h) the existing procedures allow the imposition of vastly different penalties for the same or similar acts.  Punitive and exemplary damages cannot be awarded where compensatory damages are not awarded.  Punitive and exemplary damages are not allowed under the ADEA.  Mr. Allen cannot prove by clear and convincing evidence that Defendant acted with actual malice, gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others, or committed actual fraud.

7.

Plaintiff is not entitled to, and there can be no and/or recovery of, judgment, declaration, reinstatement, future wages, front pay, back wages, lost benefits, tax gross-up and make whole relief, injunction, equitable relief, compensatory damages, consequential damages, liquidated damages, emotional distress damages, damages for non-pecuniary harms, consequential damages, damages for pecuniary harms, punitive damages, notice to anyone, pre- and post-judgment interest, attorneys' fees, costs, expenses, and/or any other damages/relief requested or otherwise available at law or in equity, under the facts of this case, and, as a matter of law, because Defendant has not violated the ADEA nor did it commit and/or is it liable for any of the acts and/or other claims asserted in the Complaint, the Complaint fails to allege facts or circumstances sufficient to support such liability, relief, recovery, and/or damages, and all alleged actions/inactions of Defendant were in good faith, were predicated upon reasonable grounds to believe that its actions/inactions did not constitute violation of any law and were not willful.  Alternatively, the recovery sought by Plaintiff should be capped and/or limited in conformity with the limitations of the ADEA and other applicable laws/common law.

8.

Plaintiff has suffered no damages based on any allegations in his Complaint.

9.

Defendant did not do, nor fail to do, anything that caused or contributed to Plaintiff's alleged damages.

10.

Plaintiff has not established the right to any amount of alleged damages.

11.

Plaintiff has failed to mitigate the consequences of the actions for which he now complains, including any alleged damages and relief sought, and he failed to take reasonable steps to find and maintain comparable employment.

12.

Plaintiff unreasonably failed to take advantage of Defendant's procedures and policies designed to prevent the conduct alleged in his Complaint, and he failed to take reasonable steps to avoid the harm about which he now complains and any alleged damages.

13.

Plaintiff's alleged damages were caused by and/or contributed to by his preexisting conditions, intervening causes unrelated to any employment relationship between him and Defendant, and he caused and/or has engaged in contributory conduct.

14.

Any alleged damages of Plaintiff were proximately caused by or contributed to solely by the acts, wrongs, and omissions of Plaintiff or other persons, entities, forces, or things over which Defendant had no control, for which Defendant bears no legal responsibility, and/or for which Defendant had no knowledge, or reason to have such knowledge.

15.

Plaintiff's contentions of liability and alleged damages are subject to, barred by, or diminished by the doctrines of equitable estoppel, collateral estoppel, judicial estoppel, res judicata, after-acquired evidence, waiver, laches, misrepresentation, comparative fault, contributory fault, justification, unjust enrichment, consent, unclean hands, failure to complain in a timely manner, detrimental reliance, equity, offset, credit, ratification and/or acquiescence.

16.

Any interim earnings or amounts earnable with reasonable diligence would be a set off against and should reduce the monetary recovery he seeks in this case, including any award of back pay, front pay and/or other damages.

17.

Plaintiff would be entitled to only one satisfaction of his alleged damages.

18.

Plaintiff's Complaint does not describe the claims asserted against Defendant with sufficient particularity to enable Defendant to determine all of the defenses and/or claims available to it in response to this action.  Defendant reserves the right to amend/supplement this Answer and to assert any additional defenses, affirmative or otherwise, and crossclaims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

19.

Defendant invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

20.

The Complaint is frivolous, unreasonable and/or groundless, totally and wholly without merit, filed and maintained in bad faith, sanctionable under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and, therefore, should be dismissed in its entirety with prejudice and Defendant should be awarded the reasonable attorneys' fees, expenses, and costs incurred in the defense of this action.

**WHEREFORE, HAVING ANSWERED,** Defendant respectfully moves the Court, after due proceedings are had, to enter judgment in Defendant's favor on all allegations of the

Complaint, dismissing Plaintiff's claims in their entirety, taxing all costs against Plaintiff, awarding Defendant its reasonable attorneys' fees, and granting Defendant all other relief that this Court deems proper.

Respectfully submitted, this the 14th day of March, 2024.

**SOUTHERN ELECTRIC CORPORATION OF MISSISSIPPI**

**By:** */s/ Martin J. Regimbal*
**MARTIN J. REGIMBAL (MS Bar No. 102507)**
**THE KULLMAN FIRM**
**A PROFESSIONAL LAW CORPORATION**
410 Main Street
Columbus, MS 39701
Post Office Box 827
Columbus, MS   39703-0827
Tel.:  (662) 244-8825
Fax:  (662) 244-8837
mjr@kullmanlaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **ANSWER OF SOUTHERN ELECTRIC CORPORATION OF MISSISSIPPI TO THE COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**SAMUEL L. BEGLEY, ESQ**
**BEGLEY LAW FIRM, PLLC**
P.O. Box 287
Jackson, Mississippi 39205
Tel.:  (601) 696-5545
Email:  begleylaw@gmail.com
*Attorney for Plaintiff*

**ADAM H. GATES**
**WATKINS & EAGER**
400 East Capitol Street
Jackson, Mississippi 39201
Tel.:  (601) 965-1804
Email:  agates@watkinseager.com
*Attorney for Defendant Entergy Mississippi, LLC*

Further, Defendant mailed and/or emailed a copy of the foregoing to:

**JOSEPH CHAD MCDILL**
365 Mac Road
Conehatta, Mississippi 39057
Tel.:  (601) 504-0450
c.mcdill@icloud.com
*Individual Defendant*

**THIS**, the 14th day of March, 2024.

*/s/ Martin J. Regimbal*
**MARTIN J. REGIMBAL**

4893-7783-5433, v. 2