UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



CHARLES ALLEN                                                                                                  PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:24-CV-119-HTW-ASH

SOUTHERN ELECTRIC CORPORATION OF                  DEFENDANTS
MISSISSIPPI, ET AL.

ORDER

Plaintiff Charles Allen filed this lawsuit alleging age discrimination and various state-law claims in Rankin County Circuit Court on January 30, 2024. Defendant Southern Electric Corporation of Mississippi removed the case to this Court on February 29, 2024. On April 11, 2024, Allen filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code, and on April 24, 2024, he notified this Court of that filing. As is its standard practice when a suggestion of bankruptcy is filed, on April 29, 2024, the Court entered a Text-Only Order staying the case. On May 10, 2024, Plaintiff filed a motion [21] asking the Court to rescind that order, and on May 17, 2024, the Bankruptcy Trustee filed a Ratification Agreement [22] in which she "hereby ratifies the commencement of the action filed by Charles Edward Allen herein and agrees to be bound by any judgment entered or settlement obtained by the Plaintiff." Ratification Agreement [22] at 1. She also agrees that she "will not seek any additional recovery from [Defendants] arising out of the events or claims made herein in any other lawsuit or any other judicial, arbitration or administrative proceeding." *Id.* at 2.

Federal Rule of Civil Procedure 17(a) governs the determination of a party's standing to bring suit as the real party in interest and states: "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Its purpose "is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action."

*Wieburg v. GTE Sw., Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (quoting *Farrell Constr. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990)). The real party in interest is the person or entity who holds the substantive right to the claim. *Id.* When claims arise before the filing of a bankruptcy petition, those claims are the property of the bankruptcy estate, and "the Trustee is the real party in interest with exclusive standing to assert them." *Id.*

> Rule 17(a)(3) explains that
>
>> [t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

This provision "provides that formal joinder or substitution of the real party in interest will not be necessary when [the real party in interest] ratifies commencement of the action." *Big John, B.V. v. Indian Head Grain Co.*, 718 F.2d 143, 147 (5th Cir. 1983). "[P]roper ratification requires [the] ratifying party to authorize [the] continuation of [the] action and agree to be bound by [the] result." *Wieburg*, 272 F,3d at 307 (citing *Naghiu v. Inter-Cont'l Hotels Grp., Inc.*, 165 F.R.D. 413, 421 (D. Del. 1996)).

The ratification agreement here "fulfills both of the requirements for valid ratification." *Jenkins v. Wright & Ferguson Funeral Home*, 215 F.R.D. 518, 522 (S.D. Miss. 2003). Shaffer authorized the continuation of this case in Allen's name and agreed to be bound by the results of this case. The Ratification Agreement therefore satisfies Rule 17(a)'s purpose as explained by the *Wieburg* court: Defendants are "assured that the judgment in this case will be final and that res judicata will protect [them] from having to defend against [Allen's] claims in separate causes of action." *Id.* The "Ratification Agreement was a valid transfer to [Allen] of the right to prosecute this [case] in [his] own name." *Id.* Further, Shaffer has now procured and filed an

2

order from Bankruptcy Judge Wilson confirming that "the automatic stay imposed by 11 U.S.C. § 362(a) does not apply to the claims asserted by [Allen] in [this] District Court Case." Order Approving Motion for Clarification of Automatic Stay [23]. Thus, the Court grants Allen's motion [21], accepts the Ratification Agreement [22], rescinds the April 29, 2024 Text-Only Order, and lifts the stay.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2024.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE
